## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 12-39082 |
| RASHID, LLC ) | |
| ) | CHAPTER 11 |
| Debtor. ) | Judge Jacqueline P. Cox |
| ) | |

### NOTICE OF MOTION

To:    See Attached Certificate of Service

YOU ARE HEREBY NOTIFIED that on Wednesday, October 17, 2012, at 9:30AM, the undersigned will appear before the Honorable Jacqueline P. Cox in Courtroom 680 at the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois, and then and there present MANUEL BUNCIO'S MOTION TO LIFT THE AUTOMATIC STAY, a copy of which is attached and hereby served upon you. You may appear at the aforesaid date and time as you see fit.

Dated: October 12, 2012                              Respectfully Submitted,

                                                     /s/Abigail J. Jung
                                                     Abigail J. Jung (ARDC 6290389)
                                                     RATHJE & WOODWARD, LLC
                                                     300 East Roosevelt Road, Suite 300
                                                     Wheaton, IL 60187
                                                     Telephone: (630) 668-8500
                                                     *Counsel for Manuel Buncio*

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 12 BK 39082 |
| RASHID, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Jacqueline P. Cox |
| ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Manuel Buncio, by his attorneys Rathje & Woodward, LLC, respectfully moves this Court, pursuant to Federal Rules of Bankruptcy Procedure 4001 and 9014, and 11 U.S.C. § 362(d), to grant his motion for relief from the automatic stay. In support, of his motion, Manuel Buncio states as follows:

### INTRODUCTION

1.  Manuel Buncio ("Buncio") was the victim of fraud and breach of duty perpetrated by the Debtor, Rashid, LLC, and its principal, Talat Rashid.

2.  In 2008, Buncio a lawsuit against Talat Rashid and Rashid, LLC in Illinois state court in a case entitled: *Manuel Buncio v. Talat Rashid, and Rashid, LLC*, Will County Case No. 2008 L 202 (the "State Court Lawsuit").

3.  The State Court Lawsuit proceeded to bench trial in March 2012.

4.  On July 16, 2012, Judge Petrungaro entered judgment in favor of Buncio and against Talat Rashid and Rashid, LLC in the amount of $253,670 (the "Judgment"). (*See* Ex. 1) In the Judgment, Judge Petrungaro found that Manuel Buncio prevailed on his claims for: (1) fraudulent transfer; (2) breach of fiduciary duty; (3) conversion; (4) unjust enrichment; (5) fraudulent concealment; and (6) statutory proceeding to enforce distribution of assets pursuant to

805 ILCS 180/35-10 and to determine the fair value of distributional interest pursuant to 805 ILCS 180/35-65. *See id.*

5. Following entry of the Judgment, all parties filed post-judgment motions. While the Judgment established that the Debtor had committed fraudulent transfer, the Judgment did not specify which section(s) of the Uniform Fraudulent Transfer Act (740 ILCS 160/1, *et seq.*) the Debtor had violated. Accordingly, Manuel Buncio filed a Motion for Clarification of Judgment in the State Court Lawsuit, which was set for presentation before Judge Petrungaro on October 2, 2012.

6. Debtor and Talat Rashid filed a Motion to Reconsider the Judgment in the State Court Lawsuit. That motion was fully briefed and was scheduled to be heard by Judge Petrungaro on October 2, 2012.

7. On Monday, October 1, 2012, the Debtor filed his Chapter 11 bankruptcy petition. Accordingly, no action was taken in the State Court Lawsuit on October 2, 2012, and both the Debtor's Motion to Reconsider and Manuel Buncio's Motion for Clarification remain pending and unresolved.

8. By this motion, Manuel Buncio respectfully requests this Court to lift the automatic stay for the limited purposes of allowing the State Court Lawsuit to proceed to final judgment (including the prosecution of post-judgment motions and any appeals). To be clear, Buncio is *not* seeking to lift the automatic stay to enforce the Judgment – he would return to this Court for that purpose. Lifting the automatic stay will permit the State Court Lawsuit to become final, and will determine the existence, amount, and character of Buncio's claim.

## ARGUMENT

I. **The Automatic Stay Should Be Lifted To Permit The State Court Lawsuit To Come To A Final Conclusion.**

8. Under Section 362(d), the automatic stay may be lifted "for cause." *See* 11 U.S.C. § 362(d). "Cause" is not defined in the Bankruptcy Code. Accordingly, it "is determined on a case-by-case basis" and "[t]he decision to terminate or otherwise modify the automatic stay pursuant to § 362(d) is committed to the sound discretion of the bankruptcy court." *In re JII Liquidating, Inc.*, 344 B.R. 875, 881 (Bankr. N.D. Ill. 2006). "In determining whether to modify the automatic stay for cause, courts generally consider factors such as interference with the bankruptcy, good or bad faith of the Debtor, injury to the Debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified and proportionality of the harms from modifying or continuing the stay." *In re Blue*, 247 B.R. 748, 752 (Bankr. N.D. Ill. 2000).

10. Buncio seeks entry of an order lifting the automatic stay for the limited purpose of allowing the State Court Lawsuit to come to a final conclusion. By allowing the State Court to hear the two pending post-judgment motions – *i.e.*, the Debtor's motion to reconsider, and Buncio's motion for clarification – the following issues would be determined with finality: (i) whether Buncio has a claim against the Debtor's estate; (ii) the amount of Buncio's claim; and (iii) whether any such claim is dischargeable. Resolution of these issues will necessarily aid in resolution of this bankruptcy.

11. The State Court is best situated to hear the pending post-judgment motions because the motions both concern the Judgment entered by Judge Petrungaro in the State Court Lawsuit. The Judgment was entered following a three day trial, during which the State Court received expert witness testimony, as well as testimony from the Debtor, Talat Rashid and

Manuel Buncio. As the State Court has received all the evidence in the State Court Lawsuit, it is in the best position to either clarify or reconsider its Judgment.

12. In addition, if either of the post-judgment motions were filed in this bankruptcy, this Court would be required to abstain from hearing them pursuant to 28 U.S.C. §1334(c)(2). In its entirety, Section §1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. *Id.*

13. Abstention is mandatory in this case under Section 1334(c)(2) for the following reasons. ***First,*** any request for abstention would be timely. The Debtor filed his Chapter 13 bankruptcy petition on September 28, 2012. Buncio received notice of the filing of that petition on October 1, 2012, and filed this motion only eleven days later. ***Second,*** all of the causes of action alleged in the State Court Lawsuit (*e.g.*, fraudulent transfer, breach of fiduciary duty, fraudulent concealment, conversion, *etc.*) arose under state law. There was no diversity between the parties, and as such, Buncio could not have pursued his claims against the Debtor in federal court. ***Third,*** the State Court Lawsuit can be timely adjudicated. Indeed, a Judgment has already been entered in the State Court Lawsuit, and the only impediment to it becoming final is resolution of two post-judgment motions, one of which is already fully briefed. Indeed, the State Court was prepared to rule on the Debtor's motion to reconsider on October 2, 2012. Under these circumstances, the State Court Lawsuit would almost certainly be finalized within 90 days of this Court entering any abstention order.

## CONCLUSION

WHEREFORE, Manuel Buncio respectfully requests that this Court enter an order: (1) lifting the automatic stay to allow the State Court to rule on the post-judgment motions, and to allow the parties to pursue any rights of appeal that they may have with respect to the State Court Lawsuit; (2) waiving the provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3); and (3) granting such further relief this Court deems equitable and just.

Dated: October 12, 2012                By:  ___/s/ Abigail J. Jung___
                                                      Timothy D. Elliott (ARDC #6237023)
                                                      Abigail J. Jung  (ARDC #6290389)
                                                      Rathje & Woodward, LLC
                                                      300 East Roosevelt Road, Suite 300
                                                      Wheaton, IL 60187
                                                      Ph: (630) 668-8500
                                                      Fax: (630) 668-9218

                                                      *Counsel for Manuel Buncio*

## CERTIFICATE OF SERVICE

I, Abigail J. Jung, an attorney, certify that on October 12, 2012, I filed a copy of the foregoing MOTION TO LIFT THE AUTOMATIC STAY through the ECF system, and notice was served on the following parties and/or creditors identified by the Debtor pursuant to Rule 1007(d), as follows:

*Electronic Service via NEF*
Thomas W. Toolis
Jahnke, Sullivan & Toolis, LLC
9031 W. 151st Street, Suite 203
Orland Park, IL  60462
*Counsel for Debtor*

*Electronic Service via NEF*
Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Rm 873
Chicago, IL 60604
*U.S. Trustee*

*Via U.S. Mail*
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

*Via U.S. Mail*
TransUnion Consumer Solutions
P.O. Box 2000
Chester, PA  19022-2002

*Via U.S. Mail*
Experian
P.O. Box 9701
Allen, TX  75013-9701

*Via U.S. Mail*
Call One
123 N. Wacker
Chicago, IL  60606

*Via U.S. Mail*
Check Systems, Inc.
Attn: Customer Relations
7805 Hudson Road, Ste. 100
Woodbury, MN  55125

*Via U.S. Mail*
Equifax Information Services, LLC
P.O. Box 740256
Atlanta, GA  30374-0256

*Via U.S. Mail*
Inland Commercial
2901 Butterfield Road
Oak Brook, IL  60523

*Via U.S. Mail & Fax*
First Midwest Bank
P.O. Box 9003
Gurnee, IL  60031
F: 815.836.3333

/s/ Abigail J. Jung_____
Abigail J. Jung